119

United States District Court
Southern District of Texas
FILED

DEC - 7 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: M-99-547-06 |
| | ) | |
| v. | ) | DEFENDANT'S RESPONSE TO PRESENTENCE |
| | ) | INVESTIGATION REPORT |
| MARIO RICARDO CASAREZ | ) | |

On October 22, 2001, Mr. Casarez entered a plea to count one of the Indictment, charging conspiracy to possess with intent to distribute more than 100 but less than 1000 kilograms of marijuana, in violation of 21 USC §846, 841(a)(1), 841(b)(1)(B). The plea was entered pursuant to Rule 11(e)(1)(A) & (B).

It was agreed by and between the parties in accordance with Rule 11(e)(1)(B), and in accordance with the Government's amendment of the indictment on October 22, 2001, and in accordance with issues of proof applicable to the case and the provisions of 21 USC §841(b)(1)(B), that the quantity assessed to the defendant is as amended. Also, that Mr. Casarez receive the offense role departure and the agreed upon acceptance of responsibility departure.

Accordingly, in light of the issues addressed between the parties and the Indictment amendment, and the agreed upon applicability of 841(b)(1)(B) in terms of the quantity assessed to Mr. Casarez being under 1000 kilograms of marijuana, it is respectfully submitted that Mr. Casarez should be assessed a base offense level of 30, in accordance with 2D1.1(c)(5), and not the base offense level of 34 as indicated by the presentence investigation report.



As to role in the offense, it was appropriately agreed between the parties that the defendant would receive an adjustment downward of 3 levels. Mr. Casarez is clearly alleged to have been nothing more than a mere laborer, or loader, of contraband. The learned probation officer asserts that "based on the amount of marihuana", it is her belief that Mr. Casarez does not merit a mitigating role. The commentary to 3B1.2, "Mitigating Role", including that portion applicable to minimal participants, specifically reference such role reductions being applicable to loaders in a "a very large drug smuggling operation." *See*, Application Note 2 to 3B1.2. It is respectfully submitted that Guidelines Manual and facts of the case support the mitigating role adjustment, and in fact, contradict the learned probation officer's assessment of the role adjustment issue. It is requested that the Court follow the agreement reached by and between the parties after they carefully considered all of the applicable issues in detail and at some length.

Similarly, it is requested that the Court decrease the offense level by 3 for acceptance of responsibility, as agreed by and between the parties under 3E1.1. The commentary specifically provides for such adjustments, even after trial. Generally, the acceptance conduct arises earlier in the case, at least in terms of entering a change of plea at an earlier stage. However, there is no indication in this instance that pretrial statements and/or conduct were in any way inconsistent with Mr. Casarez's acceptance, jury selection only, notwithstanding. It is well-settled that the exercise of the constitutional right to trial cannot be held against the defendant for

purposes of downward departures for acceptance, and Mr. Casarez has accepted responsibility and did not ultimately tie up the courtroom or otherwise put the Government to its proofs.

Conclusion

It is respectfully requested that this Honorable Court honor the agreement reached between the parties, and that Mr. Casarez, a laborer loader in a drug operation, be sentenced in accordance with the following:

1. Base offense level of 30 (2D1.1(c)(5));
2. Minus 3 for role adjustment (3B1.2);
3. Minus 3 for acceptance (3E1.1); and
4. That Mr. Casarez be sentenced to the low end of the guidelines per the recommendation of the Government.

Dated: November 29, 2001        Respectfully submitted,

FRANK E. DI GIACOMO, CA #190194
Attorney for Mr. Casarez
3400 E. Florence Avenue
Huntington Park, CA 90255
323.587.1137 Fax: 310.537.2402

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. M-99-547 |
| | § | |
| MARIO CASAREZ | § | |

## STATEMENT OF ACCEPTANCE OF RESPONSIBILITY

Now comes, **MARIO CASAREZ**, Defendant in the above entitled and numbered cause and renders this his Statement of Acceptance of Responsibility:

> I have read the indictment in the above referenced case. I have plead guilty to count one of the indictment and the facts contained therein are true and correct.
>
> I accept full responsibility for my actions and am truly sorry for the trouble I have caused the government, my family and myself. I regret very deeply my involvement and for violating the law.

X _/s/ Mario Casarez_
**MARIO CASAREZ**
Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Defendant's Response to Presentence Investigation Report has been sent by United States Mail this 3rd day of December, 2001, to:

>TERRY LEONARD, AUSA
>United States Attorney's Office
>1701 West Highway 83, Suite 600
>McAllen, Texas  78501
>
>Olga Posada
>Senior U.S. Probation Officers
>1701 W. Business Hwy 83
>Bentsen Tower, Suite 1005
>McAllen, Texas  78511

_____
FRANK E. DI GIACOMO

United States District Court
Southern District of Texas
FILED

DEC -7 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CRIMINAL NO.: M-99-547-06 |
| | ) | |
| v. | ) | DEFENDANT'S RESPONSE TO PRESENTENCE |
| | ) | INVESTIGATION REPORT |
| **MARIO RICARDO CASAREZ** | ) | |

On October 22, 2001, Mr. Casarez entered a plea to count one of the Indictment, charging conspiracy to possess with intent to distribute more than 100 but less than 1000 kilograms of marijuana, in violation of 21 USC §846, 841(a)(1), 841(b)(1)(B). The plea was entered pursuant to Rule 11(e)(1)(A) & (B).

It was agreed by and between the parties in accordance with Rule 11(e)(1)(B), and in accordance with the Government's amendment of the indictment on October 22, 2001, and in accordance with issues of proof applicable to the case and the provisions of 21 USC §841(b)(1)(B), that the quantity assessed to the defendant is as amended. Also, that Mr. Casarez receive the offense role departure and the agreed upon acceptance of responsibility departure.

Accordingly, in light of the issues addressed between the parties and the Indictment amendment, and the agreed upon applicability of 841(b)(1)(B) in terms of the quantity assessed to Mr. Casarez being under 1000 kilograms of marijuana, it is respectfully submitted that Mr. Casarez should be assessed a base offense level of 30, in accordance with 2D1.1(c)(5), and not the base offense level of 34 as indicated by the presentence investigation report.

As to role in the offense, it was appropriately agreed between the parties that the defendant would receive an adjustment downward of 3 levels. Mr. Casarez is clearly alleged to have been nothing more than a mere laborer, or loader, of contraband. The learned probation officer asserts that "based on the amount of marihuana", it is her belief that Mr. Casarez does not merit a mitigating role. The commentary to 3B1.2, "Mitigating Role", including that portion applicable to minimal participants, specifically reference such role reductions being applicable to loaders in a "a very large drug smuggling operation." *See*, Application Note 2 to 3B1.2. It is respectfully submitted that Guidelines Manual and facts of the case support the mitigating role adjustment, and in fact, contradict the learned probation officer's assessment of the role adjustment issue. It is requested that the Court follow the agreement reached by and between the parties after they carefully considered all of the applicable issues in detail and at some length.

Similarly, it is requested that the Court decrease the offense level by 3 for acceptance of responsibility, as agreed by and between the parties under 3E1.1. The commentary specifically provides for such adjustments, even after trial. Generally, the acceptance conduct arises earlier in the case, at least in terms of entering a change of plea at an earlier stage. However, there is no indication in this instance that pretrial statements and/or conduct were in any way inconsistent with Mr. Casarez's acceptance, jury selection only, notwithstanding. It is well-settled that the exercise of the constitutional right to trial cannot be held against the defendant for

purposes of downward departures for acceptance, and Mr. Casarez has accepted responsibility and did not ultimately tie up the courtroom or otherwise put the Government to its proofs.

## Conclusion

It is respectfully requested that this Honorable Court honor the agreement reached between the parties, and that Mr. Casarez, a laborer loader in a drug operation, be sentenced in accordance with the following:

1. Base offense level of 30 (2D1.1(c)(5));
2. Minus 3 for role adjustment (3B1.2);
3. Minus 3 for acceptance (3E1.1); and
4. That Mr. Casarez be sentenced to the low end of the guidelines per the recommendation of the Government.

Dated: November 29, 2001            Respectfully submitted,

FRANK E. DI GIACOMO, CA #190194
Attorney for Mr. Casarez
3400 E. Florence Avenue
Huntington Park, CA 90255
323.587.1137  Fax: 310.537.2402

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. M-99-547 |
| | § | |
| MARIO CASAREZ | § | |

### STATEMENT OF ACCEPTANCE OF RESPONSIBILITY

Now comes, MARIO CASAREZ, Defendant in the above entitled and numbered cause and renders this his Statement of Acceptance of Responsibility:

I have read the indictment in the above referenced case. I have plead guilty to count one of the indictment and the facts contained therein are true and correct.

I accept full responsibility for my actions and am truly sorry for the trouble I have caused the government, my family and myself. I regret very deeply my involvement and for violating the law.

X *Mario Casarez*
MARIO CASAREZ
Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Defendant's Response to Presentence Investigation Report has been sent by United States Mail this 3rd day of December, 2001, to:

> TERRY LEONARD, AUSA
> United States Attorney's Office
> 1701 West Highway 83, Suite 600
> McAllen, Texas   78501

> Olga Posada
> Senior U.S. Probation Officers
> 1701 W. Business Hwy 83
> Bentsen Tower, Suite 1005
> McAller, Texas   78511

_____
FRANK E. DI GIACOMO